## John Bellew v. G. R. Ahrburg.

1. VERDICT, *When Conclusive.* The verdict of a jury, based upon conflicting oral testimony, settles every disputed question of fact.

2. CREDIBILITY OF WITNESSES; *Power of Court.* Where a case substantially hinges on the respective personal credibility of the plaintiff and defendant as witnesses, the court may generally say to the jury, "That if you believe the plaintiff's statement, you must find for him, and if the defendant's, then for him."

3. ———— *No Error, When.* A misstatement of the language of a witness by the court in its charge to the jury, is no ground for reversal, unless such misstatement is as to a material part of his testimony, and probably misleads the jury.

*Error from Chautauqua District Court.*

REPLEVIN, brought by *Bellew* against *Ahrburg*, to recover possession of a span of mares. Trial at the March Term, 1879, of the district court, and verdict and judgment for the defendant. *Bellew* brings the case here.

*Buck & Loop*, for plaintiff in error.

*Chas. J. Peckham*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action of replevin, brought by plaintiff in error, plaintiff below, to recover possession of a span of mares. The case was tried by a jury. Verdict and judgment for defendant, and Bellew alleges error. He claims that the verdict was against the evidence, and that there was error in the instructions. It appears that defendant at one time owned the mares, and also that he traded them to plaintiff for a machine. There was some dispute between the parties as to the terms of this trade, defendant claiming that a rake—at first a table-rake, and afterward a sweep-rake.— was included in and a part of the trade, and plaintiff that the rake was not included in and had nothing to do with the trade. Defendant further claimed that there being some difficulty in obtaining the rake, the trade was rescinded. This plaintiff denied. Each party was a witness in his own behalf, and each had in some things the support of another witness, but after all the case really hinged upon the credibility of the two parties. Notwithstanding the full and able review of the testimony by plaintiff's counsel, we think the defendant squarely testified to a rescission of the trade, and if the jury believed his testimony, as they had a right to do, the verdict was properly returned in his favor. The jury were the triers of the fact, and their decision concludes this court upon the question. It is true, that after the rescission, as appears from the testimony of both parties, there was fur-

-ther talk about a trade, but nothing admitted by defendant which concluded him or avoided the effect of the rescission.

As to the instructions, they were brief, and we see no material error in them. The court stated the substance of each party's testimony, and then substantially charged the jury if they believed the plaintiff's version of the case they must find for him, and if the defendant's, then for him. Now while such an instruction might in some cases mislead a jury by ignoring the effect of testimony other than that given by the parties, we cannot think it inappropriate in the present case, or at least doing any wrong to the plaintiff, for as to the alleged rescission, he had no supporting testimony. While it may be true, as counsel point out, that the court in stating the testimony mistook a part of it, and spoke of an *order* when the witness only named a *note*, we cannot think that the difference affected the case in the slightest. It is not every misrecollection of the court of a witness's testimony, or every misstatement of his language, that works material error. It must be in a substantial part of the testimony, and such a misstatement as probably misleads the jury.

Upon the whole case, we see no error sufficient to justify a reversal of the judgment, and it will be affirmed.

All the Justices concurring.